NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 16 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMRITPAL SINGH,

No.    18-71508

Petitioner,

Agency No. A073-412-396

v.

MEMORANDUM*

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019**

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Amritpal Singh, a native and citizen of India, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

deportation proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review for abuse of discretion the denial of a motion to reopen and review de novo

questions of law.  *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016).  We deny in

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

part and dismiss in part the petition for review.

The BIA did not err in construing Singh's motion for administrative closure as a motion to reopen and applying the time- and number-bars. His motion was filed after a final administrative order had been entered, thus, there were no ongoing proceedings to administratively close. *See* 8 U.S.C. § 1101(a)(47)(B) (a deportation order becomes final upon the BIA's affirmance of the order or upon the expiration of the period in which the alien is permitted to seek review by the BIA).

The BIA did not err or abuse its discretion in denying the motion to reopen, where the motion was filed 22 years after Singh's final order of deportation, and the BIA correctly stated that Singh may apply for an I-601A provisional unlawful presence waiver with a final order of deportation in place. *See* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen must be filed no later than 90 days after the final administrative decision); 8 C.F.R. § 212.7(e)(4)(iv) (allowing aliens with final orders of deportation to seek a provisional unlawful presence waiver if they have first obtained an approved application for consent to reapply for admission under 8 C.F.R. § 212.2(j)).

To the extent Singh contends the BIA erred in not exercising its authority to sua sponte reopen proceedings, we lack jurisdiction over this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack

jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**